ARMSTRONG, Judge.
Relator is before this Court seeking review from the denial of an application for post conviction relief. Relator claims his counsel was ineffective for not objecting to an allegedly erroneous jury charge. We find the trial court correctly denied relief finding that counsel was not ineffective.
Relator’s application is predicated on his claim that the jury charge violated the requirements of C.Cr.P. article 804A(2) which states in pertinent part that the court shall charge the jury that:
It is the duty of the jury, in considering the evidence and in applying to that evidence the law as given by the court, to give the defendant the benefit of every reasonable doubt arising out of the evidence or out of the lack of evidence in the case ...
In support of his claim, relator cites State v. Vessell, 450 So.2d 938 (La.1984). In Vessell, the Court found a jury instruction, which did not include the statutory language, was erroneous and constituted reversible error. The erroneous instruction also informed the jury that it was restricted to considering the evidence before them.
The jury instruction at issue however, is not identical to the one in Vessell. Instead, the jury was charged as follows:
Now, if after giving a fair and impartial consideration to all of the facts in the case, you find that the evidence is unsatisfactory or lacking upon any one single point indispensably necessary to constitute the defendant’s guilt, this would give rise to a reasonable doubt such as would justify you in rendering a verdict of not guilty.
*421 You are prohibited by law and your oath from going beyond the evidence to seek for doubts upon which to acquit the accused. But you must confine yourselves to a strict dispassionate consideration of the testimony that you heard upon the trial. You may also take into consideration the lack of evidence. You' must not resort to extraneous facts or circumstances in reaching your verdict, nor are you at liberty to adopt unreasonable theories or suppositions in considering the case in order to justify a verdict of conviction.
You are to be governed exclusively by the evidence or the lack of it and the law as heard by you in this court. And, if upon this, you find the accused guilty beyond a reasonable doubt, your duty is to so announce by your verdict. If, on the other hand, a reasonable view of the evidence shows that the defendant is not guilty, then you should acquit him.
A reading of this instruction clearly shows the court informed the jury that it could take the lack of evidence into consideration and that the lack of evidence upon any necessary element “would give rise to a reasonable doubt”. Therefore, even if the jury instruction did not precisely track the language found in C.Cr.P. article 804, it is not an erroneous charge. State v. Rault, 445 So.2d 1203 (La.1984). Because the jury instruction was not erroneous, counsel’s failure to object to the charge does not demonstrate that his representation of defendant was ineffective. This claim has no merit.
Accordingly, this writ is denied.
WRIT DENIED.